No. 362

FRASER et v. PUGH et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1475. Decided March 15, 1927

677. JUDGMENTS—Failure to prosecute error proceedings to overruling of motion to vacate judgment, thus taking advantage of a complete remedy afforded by law, deprives defendants from coming into equity to enjoin enforcement of judgment rendered.

**First Publication of this Opinion**

BY THE COURT.

This action is one in equity to enjoin the enforcement of a judgment rendered by the Columbus Municipal Court in favor of George Pugh et al, against G. H. Frazer, et al. Frazer in this action avers that no notice of the hearing in the Municipal Court was given him or either of his co-defendants and that the defendant Reynolds was a non-resident of the State.

Pugh answered, claiming that he brought an action on a note against Frazer et al., the defense thereto being lack of consideration and fraud; and that in due progress of the case a judgment was rendered in his favor. On appeal, the Court of Appeals held:

1. Even on the assumption that Frazer et had a good defense to the note, that is not sufficient to justify the interference with the judgment of the lower court, it appearing that the Court had jurisdiction over the parties by the filing of an answer by Frazer et.

2. The Court having overruled Frazer's motion to vacate the judgment and no error proceedings having been prosecuted therefrom, the cause of action stated in the original petition of Pugh was fully adjudicated in the Municipal Court and this court has no jurisdiction to re-litigate the alleged defense of the makers of the note.

3. The motion filed to vacate afforded Frazer et. a complete remedy a tlaw by prosecuting error; and their failure to take advantage thereof does not give them additional rights, an dtheir petition will be dismissed.

Decree accordingly.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—E. G. Lloyd for Frazer et; S. L. Black for Pugh; both of Columbus.

---

No. 363

CARLIN v. HALLE

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Sept. 24, 1926

639. INJUNCTION — Injunction will lie against a city in issuing a building permit to build a bridge across a street upon the ground that the right of light and air to abutting property owners is an incorporeal hereditament and said bridge would affect these rights.

Judges Farr, 7th Dist., Richards, 6th Dist., and Pardee, 9th Dist., sitting.

FARR, J.

The Halle Bros. Co. attempted to procure a building permit from the City of Cleveland to build an overhead bridge across a street to connect their old building with a new one. The Anthony Carlin Company filed an injunction against the City to restrain them from issuing the permit. The Cuyahoga Common Pleas found for the Halle Bros. and this action is in the form of an appeal.

The Court of Appeals held:

1. The right to circulation of air, the passage of light, and an unobstructed view over a street, together with the relative harmony of said street with the abutting lots, is an incorporeal hereditament attaching to such abutting lots and is property in the meaning of 8888 GC. Port Clinton v. Fall, 99 OS. 153.

2. The fact that the value of ones property would be increased is no defense and as it is evident that the petitioner's light and air rights would be affected the Court of Appeals is of the opinion that the injunction should be granted.

Judgment for Carlin and cross petitioners.

(Richards & Pardee, JJ., concur.)

Attorneys—Mooney, Hahn, Loeser & Keough for Carlin et; Henderson Quail, Siddall & Morgan for Halle; Carl F. Shuler for William F. Ferguson, Dir. of Pub. Safety; William D. Guion for City; all of Cleveland.